**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:12cr87** |
| | : | **No. 3:16cv313** |
| **v.** | : | |
| | : | **(Judge Munley)** |
| **JOSEPH SWERDON,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Defendant Joseph Swerdon's (hereinafter "defendant") motion under 28 U.S.C. § 2255 (hereinafter "section 2255") to vacate, set aside, or correct his sentence. (Doc. 51). The matter has been fully briefed and is ripe for disposition. After careful consideration, we will grant the defendant's motion.

**Background**

The United States (hereinafter "government") filed a criminal complaint against the defendant on August 25, 2011, alleging that on or about October 30, 2010, he aided and abetted a bank robbery and conspired to use a firearm in relation to the bank robbery. (Doc. 1, Criminal Compl.). On April 30, 2012, the defendant pled guilty to these crimes. (Doc. 36, Def.'s Plea).

In preparation for sentencing, the United States Probation Office prepared a presentence investigation report (hereinafter "PSR") on July 17,

2012.  The PSR determined the defendant to be a "career offender" under

the U.S. Sentencing Guidelines (hereinafter "U.S.S.G." or "Sentencing

Guidelines" or "Guidelines") based on a prior Pennsylvania conviction for

resisting arrest and a prior controlled substance offense.[1]  (PSR ¶¶ 35, 49

& 60).  Thus, the PSR calculated the defendant's sentencing guideline

range to be 188 to 235 months based on a total offense level of 31 and a

criminal history category of VI.  (PSR ¶ 95).

On September 19, 2012, we sentenced the defendant to ninety-four

(94) months of incarceration.  (Doc. 48, Judgment).  We departed from the

guideline range based on a 5K1.1 plea agreement.  (Statement of Reasons

¶ V).  The defendant did not directly appeal his sentence.  Due to medical

issues, the defendant is presently serving his sentence at the federal

medical facility located in Springfield, Missouri.

---

[1]  At the time we sentenced the defendant in 2012, the Third Circuit Court of Appeals held that a Pennsylvania conviction for resisting arrest under 18 PA. CONS. STAT. ANN. § 5104 was a crime of violence pursuant to the Career Offender Guidelines' residual clause, U.S.S.G. § 4B1.2(a)(2) (2014).  See United States v. Stinson, 592 F.3d 460, 465 (3d Cir. 2010) (finding that resisting arrest in violation of Pennsylvania law presents a serious potential risk of physical injury to another and qualifies as a crime of violence).  Following Johnson, *infra*, the government presents no argument that a Pennsylvania resisting arrest conviction is a crime of violence under the Career Offender Guidelines' residual clause.

The defendant filed the instant section 2255 motion on February 22, 2016.  (Doc. 51).  He contends that, following the Supreme Court of the United States' decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), his prior conviction for resisting arrest no longer qualifies as a crime of violence, and therefore, his classification as a career offender under the Sentencing Guidelines violates due process of law.  Moreover, absent the Career Offender Guidelines' enhancement, the defendant argues his guideline range would be reduced to 130 to 162 months based on an offense level of 27 and criminal history category of VI.  Thus, according to the defendant, a comparable downward departure would reduce his actual sentence.  The parties then briefed the issues, bringing the case to its current procedural posture.

**Jurisdiction**

As defendant brings his motion under section 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We also have jurisdiction under 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

3

**Standard of Review**

Generally, a federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Federal law also provides that a federal prisoner may file a section 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A section 2255 motion may attack a federal prisoner's sentence on any of the following grounds: "[1] that the judgment was rendered without jurisdiction, or [2] that the sentence imposed was not authorized by law or otherwise open to collateral attack, or [3] that there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . . " 28 U.S.C. § 2255(b).

Section 2255, however, does not afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, section 2255 permits relief for

4

an error of law or fact constituting a "fundamental defect which inherently

results in a complete miscarriage of justice." United States v. Eakman, 378

F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S.

178, 185 (1979)).  If the court determines that the sentence was not

authorized by law, was unconstitutional, or is otherwise open to collateral

attack, the court must either vacate the judgment, resentence the prisoner,

or grant the prisoner a new trial as appropriate.  See 28 U.S.C. § 2255(b).

**Discussion**

The defendant argues that his Pennsylvania resisting arrest

conviction no longer qualifies as a "crime of violence" under the Sentencing

Guidelines, and that he should be resentenced.[2]  The government

---

[2] The Guidelines define a "crime of violence" as:
> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
>> 1. has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>> 2. is burglary of a dwelling, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**.

United States v. Calabretta, –F.3d–, 2016 WL 3997215, at *2 (3d Cir. July 26, 2016) (quoting U.S.S.G. § 4B1.2(a) (2014)) (emphasis in original).  The latter part of § 4B1.2(a)(2) is commonly referred to as the Career Offender Guideline's residual clause.

5

challenges the defendant's section 2255 motion on four grounds.  First, the

vagueness doctrine does not apply to the Sentencing Guidelines.  Second,

if the vagueness doctrine does apply to the sentencing guidelines

rendering the Career Offender Guidelines' residual clause unconstitutional,

this new rule does not apply retroactively.  Third, the defendant waived his

right to collaterally attack his conviction and sentence.  Fourth, the

defendant procedurally defaulted on his <u>Johnson</u> claim.

Prior to addressing the government's arguments, we will briefly

discuss recent Supreme Court cases that redefine and inform the

substantive contours of this area of law.

## I. Recent Supreme Court opinions

Over the past fifteen months, the Supreme Court of the United States

has issued three opinions regarding the Fifth Amendment Due Process

Clause's prohibition on vague criminal laws and the interplay between the

Sentencing Guidelines and federal sentences.[3]  On June 26, 2015, the

Supreme Court determined that the Armed Career Criminal Act's

(hereinafter "ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), violates

---

[3]  The Fifth Amendment to the United States Constitution provides, in part, that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law . . . ."  U.S. CONST. AMEND. V.

the Fifth Amendment Due Process Clause's prohibition against vague criminal laws.[4]  Johnson, 135 S. Ct. at 2563.  Thus, after Johnson, the sentences of criminal defendants can no longer be increased using the ACCA's residual clause.

The following term, the Supreme Court declared that its decision in Johnson announced a substantive rule that applies retroactively to cases on collateral review–even cases that were final before Johnson.  Welch v. United States, 136 S. Ct. 1257, 1265 (2016).  Two days after the Supreme Court decided Welch, the Court addressed the Sentencing Guidelines and discussed the significant role the Guidelines play in sentencing federal defendants.  Specifically, the Court held that a criminal defendant establishes a reasonable probability of a different sentence when the trial court sentences him under an incorrect guideline range, regardless of whether or not the defendant's ultimate sentence falls within the correct range.  Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016).

Accordingly, we must address whether these legal precepts apply to the identically-worded Career Offender Guidelines' residual clause,

---

[4]  Specifically, Johnson considered whether the ACCA's definition of a "violent felony" as any felony that "'involves conduct that presents a serious potential risk of physical injury to another'" is unconstitutionally vague.  Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

7

U.S.S.G. § 4B1.2(a)(2) (hereinafter "§ 4B1.2(a)(2)") and if so, whether our

decision announces a substantive rule retroactive to cases on collateral

review.  If necessary, we will then address the government's arguments

pertaining to waiver and procedural default.

## II. Vagueness doctrine applies to the federal sentencing guidelines

The defendant argues that the vagueness problems that led to the

unconstitutionality of the ACCA's residual clause in <u>Johnson</u> render the

identically-worded Career Offender Guidelines' residual clause equally

unconstitutional.  We agree.

The Third Circuit Court of Appeals recently determined this very

issue that <u>Johnson</u>'s holding–the ACCA's residual clause, 18 U.S.C. §

924(e)(1), is unconstitutional as void for vagueness under the Fifth

Amendment's Due Process Clause–applies to the identically-worded

Career Offender Guidelines' residual clause.  <u>United States v. Calabretta</u>,

–F.3d–, 2016 WL 3997215, at *4 (3d Cir. July 26, 2016); <u>United States v.

Cabrera</u>, –F. App'x–, 2016 WL 4375623, at *4 (3d Cir. Aug. 17, 2016).

Thus, the Career Offender Guidelines' residual clause is unconstitutional

as void for vagueness.  <u>Id.</u>

### III.  Retroactivity

Having determined that the Career Offender Guidelines' residual

clause is unconstitutional, we next address the issue of retroactivity–that is,

whether this new rule applies retroactively to Guidelines cases on collateral

review.  Under Teague v. Lane, 489 U.S. 288 (1989), "courts must give

retroactive effect to new substantive rules of constitutional law," while new

rules of criminal procedure generally do not apply on collateral review.

Montgomery v. Louisiana, 136 S. Ct. 718, 728 (2016).  "'A rule is

substantive rather than procedural if it alters the range of conduct or the

class of persons that the law punishes.'"  Welch, 136 S. Ct. at 1264-65

(quoting Schriro v. Summerlin, 542 U.S. 347, 353 (2004)).

For reasons recently explained by other courts, we will give

retroactive effect to our determination that § 4B1.2(a)(2)'s residual clause

is unconstitutional.  See, e.g., In re Encinias, 821 F.3d 1224, 1226 (10th

Cir. Apr. 29, 2016); United States v. Anker, 16-cv-420, 2016 WL 4480054,

at *1 (W.D. Pa. Aug. 25, 2016); Townsley v. United States, No. 3:16-cv-

620, 2016 U.S. Dist. LEXIS 101179 (M.D. Pa. June 22, 2016); United

States v. Boone, No. 2:12-cr-162, 2016 WL 3057655, at *6-7 (W.D. Pa.

May 31, 2016); United States v. Bercier, –F. Supp. 3d–, 2016 WL

9

3619638, at *4 (E.D. Wash. June 24, 2016); United States v. Ramirez, –F.

Supp. 3d–, 2016 WL 3014646, at *7-9 (D. Mass. May 24, 2016).

Specifically, we hold that this ruling–that § 4B1.2(a)(2)'s residual

clause is unconstitutional–is a substantive ruling for the following three

reasons.  First, this rule alters the class of persons who receive additional

punishment under the Sentencing Guidelines and holds that the

Constitution does not permit a court to sentence a defendant based on

whether the defendant engaged in "conduct that presents a serious

potential risk of physical injury to another."[5]  U.S.S.G. § 4B1.2(a)(2) (2014).

---

[5]  The Supreme Court's decision in Welch established that a rule
holding that a defendant cannot receive an increased punishment based
on a provision that is unconstitutionally vague is a substantive rule.
Specifically, Welch held that "Johnson changed the substantive reach of
the Armed Career Criminal Act, altering the range of conduct or the class
of persons that the Act punishes."  Welch, 136 S. Ct. at 1265 (internal
quotation marks omitted).

In the instant matter, the effect of invalidating § 4B1.2(a)(2)'s residual
clause is clear–it alters the class of persons who are subject to heightened
punishment under § 4B1.2(a)(2).  Applying § 4B1.2(a)(2) increases
defendants' criminal history score, and consequently imposes additional
punishment on defendants under the Guidelines.  The effect of invalidating
§ 4B1.2(a)(2)'s residual clause would be to limit the class of persons who
are subject to additional punishment under § 4B1.2(a)(2).  Invalidating
§ 4B1.2(a)(2)'s residual clause is a substantive rule because "[a] rule is
substantive rather than procedural if it alters the range of conduct or the
class of persons that the law punishes."  Welch, 136 S. Ct. at 1264-65
(internal quotation marks omitted).

Before the determination that the Guideline is unconstitutional, a defendant whose career offender designation depended on § 4B1.2(a)(2)'s residual clause would receive a significant sentencing enhancement under that Guideline.  After the determination, the defendant could not receive that enhancement.  Thus, this rule is substantive because it alters the class of persons under the Guidelines, which weighs in favor of retroactivity.

Second, a determination that § 4B1.2(a)(2)'s residual clause is unconstitutionally vague is a substantive ruling because it creates a "significant risk" that a defendant "faces a punishment that the law cannot impose upon him."[6]  Schriro v. Summerlin, 542 U.S. 348, 352 (2004)

---

[6]  Initially, all sentences that depended on § 4B1.2(a)(2)'s residual clause constitute unlawful sentences, and thus punishment that the law cannot impose.  Punishment is unlawful if it is imposed in violation of the Due Process Clause's prohibition on vague laws.  Welch, 136 S. Ct. at 1266-67; Johnson, 135 S. Ct. at 2556-57.  Thus, a ruling that § 4B1.2(a)(2)'s residual clause is unconstitutionally vague would mean that defendants whose career offender designations depended on that clause received unlawful sentences–sentences that were imposed in violation of the Due Process Clause.  Those defendants' sentences were based on a Guideline provision "so shapeless" its application amounted to "only guesswork."  Johnson, 135 S. Ct. at 2560.

Therefore, invalidating § 4B1.2(a)(2)'s residual clause would create a class of prisoners who received unlawful sentences–sentences that included punishment that was imposed in violation of the Due Process Clause's vagueness doctrine.  Because judges have discretion to impose sentences outside the Guidelines range, see United States v. Booker, 543 U.S. 220 (2005), a defendant sentenced after a determination that

11

(quoting <u>Bousley v. United States</u>, 523 U.S. 614, 620 (1998)).  An

otherwise permissible punishment is unlawful if it was based on an

unconstitutional consideration, including an unconstitutionally vague

Guideline.  In short, the Guidelines serve as the lodestar and the essential

framework for federal sentencing.  Thus, a significant risk exists that

defendants sentenced under § 4B1.2(a)(2)'s residual clause received

additional prison time based on an unconstitutional Guidelines provision

supporting a determination that this new rule is substantive, not procedural.

　　　Third, our decision invalidating § 4B1.2(a)(2) "affects the reach" of

the Guidelines "rather than the judicial procedures by which" the

Guidelines are applied.  <u>Welch</u>, 136 S. Ct. at 1265.  A determination that

§ 4B1.2(a)(2)'s residual clause is vague prohibits courts from applying that

Guideline at all; "'even the use of impeccable factfinding procedures could

not legitimate' a sentence based on that clause."  <u>Welch</u>, 136 S. Ct. at

1265 (2016) (quoting <u>United States v. United States Coin & Currency</u>, 401

U.S. 715, 724 (1971)).  As such, invalidating § 4B1.2(a)(2) affects the

─────────────────

§ 4B1.2(a)(2)'s residual clause is unconstitutionally vague could, in theory,
receive the same sentence as a defendant sentenced before that
determination.  The mere possibility, however, that some judges might
impose the same sentence on some defendants does not mean that a rule
invalidating § 4B1.2(a)(2)'s residual clause is not a substantive rule.

12

Guidelines' reach, further weighing in favor of retroactivity.

Thus, our determination that § 4B1.2(a)(2)'s residual clause is unconstitutionally vague is a substantive ruling, and therefore, applies retroactively to Guideline cases.[7]

## IV.  Waiver

Next, the government argues that the defendant's motion must be dismissed because he waived his right to collaterally attack his conviction and sentence.  The defendant acknowledges that his plea agreement contained a voluntary waiver of appellate and collateral rights.  (Doc. 58, Def.'s Reply at 9; Doc. 28, Def.'s Plea Agreement ¶ 30).  The defendant, however, argues that the waiver results in a miscarriage of justice because he could not have anticipated a <u>Johnson</u> challenge at the time of sentencing, as none existed.  After a careful review, we will exercise our

---

[7]  The government concedes that if we were to hold that § 4B1.2(a)(2)'s residual clause is both unconstitutionally vague and a substantive ruling, then the defendant's section 2255 motion is timely under 28 U.S.C. § 2255(f)(3).  (Doc. 57, Gov't Br. in Opp'n at 12); <u>see</u> <u>also</u> 28 U.S.C. § 2255(f)(3) ("The date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").  Because we have now determined that the Guideline's residual clause, § 4B1.2(a)(2)'s, is unconstitutionally vague and applies retroactively to Guidelines cases on collateral review, the defendant's section 2255 motion is timey pursuant to 28 U.S.C. § 2255(f)(3).

equitable discretion to relieve the defendant from his waiver, to the extent

that it applies to the issues at hand, on grounds that his inability to raise

this issue would result in a miscarriage of justice.

A criminal defendant may waive his right to file a motion under

section 2255 or to otherwise seek collateral relief.  Such a waiver is valid if

entered into "knowingly and voluntarily" unless it would work a "miscarriage

of justice."  United States v. Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008)

(citing United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001)).  A

district court has an affirmative duty to conduct an evaluation of the

knowing and voluntary nature of the waiver and to assure itself that its

enforcement works no miscarriage of justice.  Mabry, 536 F.3d at 237-38.

To determine whether enforcement would create a miscarriage of

justice, a court considers the following:

> [T]he clarity of the error, its gravity, its character (e.g.,
> whether it concerns a fact issue, a sentencing guideline, or
> a statutory maximum), the impact of the error on the
> defendant, the impact of correcting the error on the
> government, and the extent to which the defendant
> acquiesced in the result.

Khattak, 273 F.3d at 563 (quoting United States v. Teeter, 257 F.3d 14, 26

(1st Cir. 2001)).  The "miscarriage of justice" exception is to be applied

"sparingly and without undue generosity."  United States v. Wilson, 429

14

F.3d 455, 458 (3d Cir. 2005) (quoting <u>Teeter</u>, 257 F.3d at 26).

Initially, the clarity and gravity of the error–whether § 4B1.2(a)(2) is unconstitutional and applies retroactively to cases on collateral review–weighs in the defendant's favor.  The Third Circuit Court of Appeals has recently determined that the Sentencing Guidelines' residual clause is unconstitutionally void for vagueness, and therefore, it is clear we sentenced the defendant under an unconstitutional Sentencing Guideline. <u>Calabretta</u>, –F.3d–, 2016 WL 3997215, at *4.  Further, it is clear that this rule alters the class of persons who receive additional punishment under the Sentencing Guidelines, creates a significant risk that a defendant faces punishment that the law cannot impose on him, and affects the Guidelines' reach rather than the judicial procedures by which the Guidelines are applied.  Moreover, the gravity of this error affected not only the defendant's substantive rights, but also the fundamental fairness of his sentencing proceedings.

Additionally, the impact of the error on the defendant weighs in his favor because he may be entitled to a lower sentence.  Here, the PSR determined the defendant to be a career offender under the Sentencing Guidelines based on a prior Pennsylvania conviction for resisting arrest

15

and a prior controlled substance offense.  (PSR ¶¶ 35, 49 & 60).  Thus, the

PSR calculated the defendant's sentencing guideline range to be 188 to

235 months based on a total offense level of 31 and a criminal history

category of VI.  (PSR ¶ 95).

We departed from the guideline range based on a 5K1.1 plea

agreement arising from the defendant's substantial assistance and

sentenced him to ninety-four (94) months.  (Doc. 48, Judgment; Statement

of Reasons ¶ V).  The defendant argues his guideline range, absent the

Career Offender Guidelines' enhancement, would be reduced to 130 to

162 months based on an offense level of 27 and criminal history category

of VI.  Thus, according to the defendant, a comparable downward

departure would reduce his actual sentence.

Finally, the impact of correcting the error on the government and the

extent to which the defendant acquiesced in the result also weigh in the

defendant's favor.  The impact of correcting the error on the government is

minimal.  We will resentence the defendant.  Before resentencing the

defendant, however, we will provide the government the opportunity to

argue for the sentence it feels is appropriate.  Regarding the extent to

which the defendant acquiesced in the result, we agree with the Sixth

16

Circuit Court of Appeals, which recently held that an appellate waiver applies, except to arguments that could not have been made pre-<u>Johnson</u>, because "a defendant can abandon only '**known right[s]**'" and the defendant "could not have intentionally relinquished a claim based on <u>Johnson</u>, which was decided after his sentencing." <u>United States v. McBride</u>, 826 F.3d 293, 295 (6th Cir. 2016) (emphasis in original) (citations omitted). Accordingly, we will find that the <u>Khattak</u> factors weigh in the defendant's favor, and we will exercise our equitable discretion to relieve the defendant from the waiver on grounds that his inability to raise this issue would result in a miscarriage of justice.

## V. Procedural default

Finally, the government contends that the defendant cannot raise his <u>Johnson</u> claim because he procedurally defaulted the claim. "The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." <u>Sanchez-Llamas v. Oregon</u>, 548 U.S. 331, 350-51 (2006). The Third Circuit Court of Appeals has recently emphasized that a petitioner can overcome procedural default by demonstrating either cause and prejudice, **or** a fundamental miscarriage of justice. <u>Gonzalez v. Superintendent</u>

17

Graterford SCI, –F. App'x.–, 2016 WL 3902636, at *3, n.3 (3d Cir. July 19, 2016) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).  Because the government's arguments regarding a fundamental miscarriage of justice mirror its arguments pertaining to waiver, the analysis above is equally applicable here.  Ergo, we will find that the defendant's Johnson claim is not procedurally defaulted.[8]

**Conclusion**

For the above-stated reasons, we will grant the defendant's section 2255 motion and set aside his judgment.  Prior to scheduling a

---

[8]  In addition to a fundamental miscarriage of justice overcoming a procedurally defaulted claim, the Supreme Court of the United States has also determined that a defendant overcomes a procedurally defaulted claim when the defendant demonstrates "both 'cause' for not raising the claim at trial, and 'prejudice' from not having done so." Sanchez-Llamas, 548 U.S. at 351.  Here, unanimous Supreme Court and Circuit Court precedent previously foreclosed the defendant's challenge to his career offender classification under the residual clause, which satisfies the "cause" prong.  Further, the existence of a reasonable probability that defendant's sentence would have been lower demonstrates prejudice.  See Glover v. United States, 531 U.S. 198, 203 (2001) (stating that an error increasing a defendant's sentencing guideline range by six (6) to twenty-one (21) months amounted to prejudice because any amount of actual jail time has Sixth Amendment significance).  Thus, while we will excuse the defendant's procedural default on miscarriage of justice grounds, we would also, in the alternative, excuse his procedural default on cause and prejudice grounds as well.

resentencing hearing, we will direct the parties to file a sentencing

memorandum, within seven (7) days, illustrating their positions regarding

resentencing.  An appropriate order follows.




**Date:  09/19/2016**                          **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No.  3:12cr87** |
| | : | **No.  3:16cv313** |
| **v.** | : | |
| | : | **(Judge Munley)** |
| **JOSEPH SWERDON,** | : | |
| **Defendant** | : | |

## ORDER

**AND NOW**, to wit, this 19th day of September 2016, it is hereby ordered as follows:

1.  Defendant's motion filed pursuant to 28 U.S.C. § 2255 (Doc. 51) is **GRANTED**;

2.  The defendant's sentence (Doc. 48) is **VACATED**;

3.  The parties are directed to file a revised sentencing memorandum, no greater than ten (10) pages in length, within seven (7) days from the date of this order;

4.  The court will review the parties' submissions and resentence the defendant by further order of court, or if necessary, schedule a hearing to resentence the defendant; and

5.  The Clerk of Court is directed to close case number 3:16cv313.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**